IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

NOV 16 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| HILARIO MEDINA, | ) |
| Plaintiff, | ) Case No. 2:07-CV-361 |
| v. | ) District Judge Dee Benson |
| DEP'T OF CORRS. et al., | ) **DISMISSAL ORDER** |
| Defendants. | ) |

Plaintiff/inmate, Hilario Medina, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court now screens his complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

### ANALYSIS

1. Claim

Plaintiff names as defendants the Utah Department of Corrections, Sgt. Zimmerman, and Officers Stevens, Wickons, Dade, Duncan, Lockwood, Harris, and Bullock. He alleges that, while eating a dinner prepared by the prison's culinary, he swallowed a stick that was in the food, which made him choke and unable to eat for several days after because of a "very sore throat." He does not specifically connect any of the defendants to this particular incident. He instead asserts they were in a

supervisory capacity over inmates in the culinary at the time of his injury.

## 2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his

3

complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 3. Respondeat Superior

Finally, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. See <u>Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)</u> (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. See <u>Mitchell v. Maynard, 80 F.3d 1433, 1441, (10th Cir. 1996)</u> (stating supervisory status alone is insufficient to support liability under § 1983). Because Plaintiff has done nothing to affirmatively link any of the defendants to the stick in his food, but has instead identified them merely as supervisors over the culinary, at whatever level, Plaintiff's claim may not survive this screening.

**CONCLUSION**

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. See 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2009).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**.

BY THE COURT:

DATED this 15th day of November, 2009.

_____
DEE BENSON
United States District Judge